# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52260-8-II |
| Respondent, | |
| v. | |
| ARON DEAN SHELLEY, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Aron Shelley appeals his standard range sentence following a resentencing hearing. Shelley argues that the sentencing court abused its discretion by failing to consider imposing an exceptional downward sentence. We disagree and affirm.

FACTS

A jury found Shelley guilty of second degree assault, second degree assault of a child, felony harassment, and two counts of violating a no contact order. In addition the jury found that Shelley committed his crimes against family or household members and was armed with a deadly weapon at the time of the assault.

At sentencing, the trial court calculated Shelley's offender score to be 9 on all counts. The State requested a sentence at the high end of the standard range. Shelley argued for an exceptional sentence downward based on his history of mental health diagnoses. The trial court denied Shelley's request and imposed a high-end standard range sentence of 120 months plus 12 months confinement for the deadly weapon enhancement.

Shelley appealed his convictions and sentence. On appeal, Division One of this court affirmed Shelley's convictions but held that the domestic violence special verdicts were invalid as a matter of law. *State v. Shelley*, 3 Wn. App. 2d 196, 197, 414 P.3d 1153 (2018). Accordingly, the court remanded Shelley's case for resentencing based on a corrected offender score. *Shelley*, 3 Wn. App. 2d at 201.

At the resentencing hearing, Shelley again sought an exceptional sentence downward based on his mental health diagnoses and his good behavior since his convictions. The State requested a high-end standard range sentence. The sentencing court imposed the high end of the standard range sentence—102 months plus 12 months for the deadly weapon enhancement. The sentencing court denied Shelley's motion for an exceptional downward sentence, explaining:

> [I]t's a decision on a resentencing, and oftentimes the judge in the circumstance of a plea doesn't really know or have a good sense of what happened. A judge who sits in a trial is a little more informed as to what an appropriate sentence might be. In this case, the judicial officer who sentenced you initially sat through a trial and heard arguments regarding what the appropriate sentence was and made the decision to do what she did. Now of course the Court of Appeals has come and changed what those ranges should be and have made a legal correction as to those ranges.
>
> As I understand—and I read carefully the Court of Appeals decision. The corrections that the Court of Appeals made had to do with ranges and ranges alone and not so much as to calling into question the judicial decision regarding the sentence, so that's where I start.
>
> Now, with respect to the request made by the defense, the defense has made a request for an exceptional downward sentence for several reasons. Of those reasons that the defense has cited, the Court noted both of those reasons were cited to the original sentencing judge and were rejected by that judge. In my view, the appropriate role that I sit [sic] here today, it would be inappropriate to second-guess those decisions.

No. 52260-8-II

Report of Recorded Proceedings (RRP) (Aug. 9, 2018) at 12-13. The sentencing court

acknowledged Shelley's arguments for an exceptional downward sentence based on his good

conduct since being in prison, but ruled that good conduct following the commission of a crime

is not a valid mitigating factor for a downward departure. The sentencing court continued,

> Under the circumstances, however, I think the appropriate role for this Court is to adopt what was done previously with respect to the ranges, of course adjusted downward as requested by the Court of Appeals, which, in my view, means adopting the State's recommendation for high ends together with the enhancement of 12 months for I believe a total of 114.

RRP (Aug. 9, 2018) at 14-15.

Shelley appeals his sentence.

ANALYSIS

Shelley argues that the sentencing court abused its discretion by failing to consider

imposing an exceptional downward sentence. We disagree.

In general, a party cannot appeal a sentence within the standard range. *State v. Brown*,

145 Wn. App. 62, 77, 184 P.3d 1284 (2008). The rationale is that a trial court that imposes a

sentence within the range set by the legislature cannot abuse its discretion as to the length of the

sentence as a matter of law. *Brown*, 145 Wn. App. at 78.

However, a defendant may appeal when a sentencing court has refused to exercise its

discretion or relies on an impermissible basis for its refusal to impose an exceptional sentence

downward. *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). It is error for a

sentencing court to categorically refuse to impose an exceptional sentence downward or to

mistakenly believe that it does not have such discretion. *McFarland*, 189 Wn.2d at 56.

3

Therefore, remand is the appropriate remedy when a trial court imposes a sentence without properly considering an authorized mitigated sentence.  *McFarland*, 189 Wn.2d at 58-59.

In *McFarland*, our Supreme Court remanded for resentencing after the sentencing court appeared to misunderstand its discretion to impose an exceptional downward sentence. *McFarland*, 189 Wn.2d at 53-55.  There, the sentencing court expressed an interest in considering an exceptional downward sentence but stated that "apparently [I] don't have much discretion, here."  *McFarland*, 189 Wn.2d at 51 (alteration in original).

Unlike in *McFarland*, the record here shows that the sentencing court understood its discretion to consider an exceptional sentence downward.  Although the sentencing court chose to impose a sentence similar to that of the original trial court, nothing in the record suggests that the sentencing court believed it was obligated to do so.  Rather, the sentencing court acknowledged that the original trial court had the benefit of hearing all the testimony and observing all of the evidence, and concluded that it did not see any reason to deviate from the original trial court's determination that mitigating circumstances did not justify an exceptional downward sentence.

There is no indication here that the sentencing court refused to exercise its discretion. Accordingly, we affirm.

No. 52260-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Sutton, J.

_____
Cruser, J.